**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
ASHISH PAUL,                            :        CIVIL ACTION NO: 09-3422 (FSH)
                                        :
            Petitioner,                 :
                                        :
      v.                                :        **OPINION & ORDER**
                                        :
UNITED STATES OF AMERICA                :        September 1, 2010
                                        :
            Respondents.                :
_____        :


        Petitioner Ashish Paul submitted a motion to vacate, set aside, correct, amend, or modify

his sentence, pursuant to 28 U.S.C. § 2255.  After having carefully reviewed the submissions of

the parties, the Court will deny the motion.

**Factual and Procedural History**

        On April 17, 2007, Petitioner pled guilty before this Court to Count 6 of an Indictment

that charged him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956

(h).  In the plea agreement, the parties agreed that Mr. Paul's offense of conviction resulted in an

offense level of 24 under the United States Sentencing Guidelines ("Guidelines").  As part of the

agreement, Petitioner waived his right to any appeal or collateral attack if the Court's sentence

fell within the Guideline's range.

        On May 19, 2008 this Court sentenced Mr. Paul to 60 months, which falls within the

Guidelines range for a level 24 offense.[1]

On July 1, 2009, Mr. Paul filed the instant *pro se* motion under 28 U.S.C. § 2255 claiming that the waiver of his appellate and collateral attack rights is unenforceable and his sentence should be vacated, set aside or corrected.

**Standard of Review**

Waivers of a right to appeal are valid if entered into knowingly and voluntarily unless enforcing such a waiver would result in a miscarriage of justice.  United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001).

**Discussion**

Petitioner claims that his waiver of the right to appeal is unenforceable because (1) he received ineffective assistance of counsel by his initial attorney, who did not sufficiently negotiate with the U.S. Attorney's Office, and a corporate attorney, who advised he cooperate with the FBI; (2) the government violated the plea agreement by failing to file a 5K motion requesting a downward departure from the sentencing guidelines; (3) his plea negotiations were based on a misapplication of 18 U.S.C. § 1956; and (4) his status as a Green Card holder makes him ineligible for sentence reductions he expected when agreeing to the plea.

Ashish Paul does not claim that he unknowingly or involuntarily entered the plea agreement.  The language of the written agreement is clear,[2] and at Petitioner's plea hearing he

---

[1] The Guidelines range for a level 24 offense with a category one criminal history is 51 to 63 months.

[2] The plea agreement specified that "Ashish Paul knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under...28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the

acknowledged that he fully understood the plea agreement, and voluntarily agreed to its terms.[3]

Petitioner does appear to contend that enforcement of his waiver of the right to appeal would work as a miscarriage of justice.  In deciding whether an error claimed by Petitioner would work as a miscarriage of justice, courts consider the clarity of the error, its gravity, its character, the impact of the error on the defendant, the impact of the error on the government, and the extent to which the defendant acquiesced in the result.  Khattak, 23 F.3d at 562.  The Court

---

Guidelines range that results from the agreed total Guidelines offense level of 24." (Plea Agreement at 6-7.)

[3] Specifically, the following colloquy occurred:

The Court and Defense Attorney Mr. Marino:

> Q:      ... I noticed in the stipulations that both sides have agreed to waive their respective appellate and collateral attack rights if the total offense level that's – on which the sentencing is premised is at a level, guidelines offense level of 24.
> A:      That's correct, Your Honor.

...

The Court and Petitioner Mr. Paul:

> Q:      Do you understand that as part of the plea agreement both you and the government have given up your right to file an appeal of the sentence, provided that certain stipulations are met as set forth in schedule A to your plea agreement and in the plea agreement itslef?
> A:      Yes, ma'am.

...

> Q:      All right. Do you understand that if you are sentenced at a range that results from an agreed upon total offense level of 24, then you will be giving up your right to both file an appeal and a collateral attack on your sentence?
> A:      Yes, ma'am.

3

evaluates each of Petitioner's arguments in turn.

      1.     <u>Ineffective Assistance of Counsel</u>

Petitioner claims that the waiver is unenforceable because he received ineffective assistance of counsel.  (Pl. Motion, 5.)  To prevail on such a claim, Petitioner must show that the claimed ineffective assistance directly affected the waiver or the plea itself.  <u>See</u> <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000); <u>Muhammad v. United States</u>, 2010 WL 2771772, *4 (D.N.J. 2010).  Petitioner argues that Mr. Sitarchuk, his initial attorney, provided ineffective assistance by inadequately negotiating with the government and by failing to timely recognize a conflict of interest, which rendered Mr. Paul unrepresented upon his arrest in 2006.  (Pl. Motion, 5.)  Petitioner also argues that the attorney representing his employer, Cincom, provided ineffective assistance by advising him to cooperate with the FBI.  <u>Id.</u>

Neither instance occurred during the plea negotiations at issue here and neither allegedly ineffective attorney advised Petitioner to accept the plea or waive his right to appeal.  During plea negotiations, Petitioner was represented by highly experienced criminal defense counsel who was not the attorney that Paul alleges was  ineffective.  Petitioner does not argue that he received ineffective assistance that affected his decision, in consultation with his new counsel, Kevin Marino, Esq., to execute the waiver and plea.  There is no error and no miscarriage of justice demonstrated.  Consequently the waiver is enforceable with respect to Paul's claim of ineffective assistance of counsel.

      2.     <u>Prosecutorial Misconduct</u>

Petitioner claims that the government violated the plea agreement by failing to file a § 5K1.1 motion for a downward departure because he provided assistance toward the investigation

and prosecution of other offenders.  (Pl. Motion, 5.)  U.S.S.G. § 5K1.1 provides, in the relevant part, that "[u]pon motion from the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  However, the prosecution need not file a 5K motion when the defendant's efforts to assist the Government, if any, prove to be inadequate.  See United States v. Huang, 178 F.3d 184, 188 (3d Cir. 1999). When the plea agreement does not contain language expressly granting the Government discretion to determine whether the defendant is entitled to a motion for departure under § 5K1.1, sole discretion is nevertheless reserved to the Government.  Id.  As addressed by this court at sentencing, the Government had sole discretion to determine whether to move for a downward departure on Mr. Paul's behalf.

When a prosecutor has sole discretion to move for a downward departure under § 5K1.1 and chooses not to do so, a district court is empowered to examine that decision only to ensure it was made in good faith and to ensure that the refusal was not based on an unconstitutional motive.  Wade v. United States, 504 U.S.181, 185-186 (1992).  Petitioner does not allege an unconstitutional motive. He argues that the length of the interviews proves that he provided substantial assistance toward the investigation and prosecution of other offenders and therefore the Government's decision not to move for a downward departure was made in bad faith.

To the contrary, it appears that the Government conducted lengthy interviews in a fruitless attempt to discover information that substantially assisted the government.  The twelve hour time period reflects diligence on the part of the Government but does not suggest that their efforts produced any such substantial assistance.  Moreover, Petitioner, even now, fails to establish what assistance he allegedly provided.  Petitioner relies primarily on his offer to assist

5

in the extradition of Mr. Dalmia using connections with the Indian government; as it would be highly unusual for a convicted felon to be used by the United States in an international effort to convince another government to extradite someone, this offer does not qualify as substantial assistance.  While it is clear that Mr. Paul attempted to assist the Government, his efforts do not prove that he did so.  Mr. Paul has not satisfied his burden to prove that the government acted in bad faith in refusing to move for a downward departure and thus there is no error and no miscarriage of justice on this ground.

3.    Criminal Proceeds

Petitioner argues that his conviction was based on a misapplication of 18 U.S.C. § 1956. Specifically, Petitioner claims that when negotiating his plea agreement the term "criminal proceeds" was interpreted as criminal receipts, whereas it should have been interpreted as criminal profits.  (Pl. Motion, 5.)  Subsequent to Mr. Paul's sentencing, the Supreme Court determined that, in construing federal money laundering statutes, the term "criminal proceeds," which had previously been undefined, must be interpreted narrowly to refer only to criminal profits.  United States v. Santos, 553 U.S. 507 (2008).  Petitioner alleges that his conduct involved only criminal receipts and that he did not, at any time, participate in a transaction involving criminal profits.

However, "[a] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decision indicate that the plea rested on a faulty premise.[4]"  Brady v. United States, 397 U.S. 742, 757 (1970).  Consequently,

_____

    [4]  The Court does not suggest or rule that this plea rested on an improper premise, even if the Santos definition had applied.

6

even in light of the Supreme Court's interpretation of "criminal proceeds", enforcing Paul's waiver does not amount to a miscarriage of justice.

    4.    <u>Petitioner's Alien Status</u>

Finally, Petitioner contends that because he is a green card holder and not eligible for anticipated benefits and privileges provided to non-aliens, the conditions of his confinement are more severe than what he agreed to in his plea.  (Pl. Motion, 5.)  Pursuant to the Sentencing Reform Act, 18 U.S.C. § 3621(b), the Bureau of Prisons enacted policies denying alien prisoners certain ancillary benefits available to non-aliens, such as assistance in reentry to the community. Despite having expressly agreed to a sentence within the Guidelines range for an offense level of 24, which he did receive, Petitioner appears to challenge the legality of the Bureau's policy.  He does not claim that his second attorney, Mr. Marino, failed to advise him about deportation or other serious ramifications of his offense based upon his immigration status as a green card holder.  Nor does he contend that he relied upon the post-sentencing benefits received by citizens in making his decision to plead guilty.  Nor does he contend that his attorney advised him that he would get such benefits, and that he would not have pled guilty if such ancillary benefits were not available to him.

The Petitioner's challenge to this aspect of the Bureau of Prison's policy is not a sufficient basis upon which to challenge the legality of his sentence.  There is no error and no miscarriage of justice demonstrated on this final ground raised by Petitioner.  Thus Petitioner's motion is denied.

Therefore, **IT IS** on this 1st day of September 2010, hereby

**ORDERED** that Petitioner's motion is **DENIED**; and it is further

7

**ORDERED** because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by Section 102 of the AEDPA, 28 U.S.C. §2253(c), a Certificate of Appealability should **NOT** issue; and it is further

**ORDERED** that this case is **CLOSED**.

  /s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.